IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DELONTE JORDAN,                    *

v.                                 *     CIVIL ACTION NO. JKB-12-1879

STATE OF MARYLAND                  *
                            **********

### MEMORANDUM

On June 20, 2012, the court received Delonte Jordan's petition for writ of habeas corpus. ECF. No. 1. The petition was construed as seeking habeas corpus relief filed pursuant to 28 U.S.C. § 2254 and petitioner was directed to supplement same using court approved forms. ECF. No. 2.

On July 12, 2012, the court received correspondence from Jordan indicating his post conviction proceeding, instituted on October 12, 2011, is pending in the Circuit Court for Montgomery County.[1] He asks whether he must first complete those proceedings before bringing the instant petition. ECF No. 3.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Pro. Art.§§ 7-101 et

---

[1] In his original petition, he indicates he was convicted in February, 2010 of robbery with a dangerous weapon and related offenses. He states he was sentenced on April 20, 2010. The Court of Special Appeals affirmed his conviction on October 12, 2011. He states the court's mandate did not issue until June 18, 2012. ECF No. 1.

seq. (2001). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must seek certiorari to the Court of Appeals. *See Stachowski v. State*, 6 A.3d 907 (2010); *Williams v. State*, 292 Md. 201, 210-11 (1981). Jordan indicates he has begun but not completed post-conviction review. As such, his petition shall be dismissed without prejudice as unexhausted, to allow him to refile this case after completion of state remedies.

Jordan is advised that 28 U.S.C. § 2244 imposes a one-year filing deadline on state prisoners filing applications for a writ of habeas corpus in federal court.[2] Should he wish to refile this petition once he has exhausted his available state court remedies, Jordan should take care not to miss this deadline.

---

[2] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). The court will not issue a COA because petitioner has not made the requisite showing.

A separate order follows.

August 1, 2012
Date

James K. Bredar
United States District Judge